# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0768V
UNPUBLISHED

| | |
|---|---|
| ROBIN ROSELAND, as Personal Representative of ESTATE OF JOHN OLSON,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 25, 2023<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Isaiah Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On May 23, 2019,  John Olson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Mr. Olson alleged that he developed Guillain-Barré syndrome as a result of an influenza ("flu") vaccine that was administered on October 27, 2017. Petition at 1; Stipulation, filed on May 25, 2023, at ¶¶ 2-4. Mr. Olson further alleged that he received the vaccine in the United States, that he experienced the residual effects of his injury for more than six months, and there has been no prior award or settlement of a civil action for damages as a result of his alleged condition. Petition at  1-2; Stipulation at ¶¶ 3-5. Mr. Olson passed away while this case was pending, and on August 13, 2021, his daughter, Robin Roseland was substituted as Petitioner on behalf of Mr. Olson's estate. ECF No.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

34. "Respondent denies that the flu vaccine caused Mr. Olson to suffer from a neurologic injury, Guillain-Barré syndrome, chronic inflammatory demyelinating polyneuropathy ("CIDP"), or any other injury, and denies that Mr. Olson's death is a sequela of a vaccine-related injury. " Stipulation at ¶ 6.

Nevertheless, on May 25, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

1.   **A lump sum of $253,204.53 in the form of a check payable to Petitioner as personal representative on behalf of the estate of Mr. Olson; and**

2.   **A lump sum of $24,234.59, representing reimbursement of a Medicaid lien for services rendered to Mr. Olson by the State of Minnesota, in the form of a check payable jointly to petitioner and the Minnesota Department of Human Services:**

Attention: Nacole Lind
Benefit Recovery Section
Minnesota Department of Human Services
P.O. Box 64994
St. Paul, Minnesota 55164-0994

**Petitioner agrees to endorse this payment to the Minnesota Department of Human Services.**

Stipulation at ¶ 8. These amounts represent compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| The Estate of JOHN OLSON,<br>By and Through ROBIN ROSELAND,<br>as Personal Representative, | )<br>)<br>)<br>) |
| Petitioner. | )<br>) |
| v. | )  No. 19-768V (ECF)<br>)  Chief Special Master Corcoran<br>) |
| SECRETARY OF HEALTH AND<br>HUMAN SERVICES, | )<br>)<br>) |
| Respondent. | )<br>) |

### STIPULATION

The parties hereby stipulate to the following matters:

1.   John Olson ("Mr. Olson") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 ("Vaccine

Program"). Upon his death, Robin Roseland ("petitioner"), as personal representative of Mr.

Olson's estate, was substituted as petitioner herein. The petition seeks compensation for an

injury allegedly related to Mr. Olson's receipt of the influenza ("flu") vaccine, which is

contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2.   Mr. Olson received the flu vaccine on October 27, 2017.

3.   The vaccine was administered in the United States.

4.   Petitioner alleges that as a result of receiving the flu vaccine, Mr. Olson suffered a

neurologic injury which subsequently caused his death on January 13, 2021.

5.   Petitioner represents that there has been no prior award or settlement of a civil action

for damages on behalf of Mr. Olson as a result of his alleged vaccine injury or death.

6.   Respondent denies that the flu vaccine caused Mr. Olson to suffer from a neurologic injury, Guillain-Barré syndrome ("GBS"), chronic inflammatory demyelinating polyneuropathy ("CIDP"), or any other injury, and denies that Mr. Olson's death is a sequela of a vaccine-related injury.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled, and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A.   A lump sum of **$253,204.53**, in the form of a check payable to petitioner as personal representative on behalf of the estate of Mr. Olson; and

B.   A lump sum of **$24,234.59**,[1] representing reimbursement of a Medicaid lien for services rendered to Mr. Olson by the State of Minnesota, in the form of a check payable jointly to petitioner and the Minnesota Department of Human Services:

> Attention:  Nacole Lind
> Benefit Recovery Section
> Minnesota Department of Human Services
> P.O. Box 64994
> St. Paul, Minnesota 55164-0994

Petitioner agrees to endorse this check to the Minnesota Department of Human Services.

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Minnesota may have against any individual as a result of any Medicaid payments that the Minnesota Program has made to or on behalf of John Olson as a result of his alleged vaccine-related injury suffered on or about October 27, 2017, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396, *et seq.*)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within ninety days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Olson's estate under the laws of the State of Minnesota. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Olson's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of Mr. Olson's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or

3

parties appointed by a court of competent jurisdiction to serve as legal representative of Mr.
Olson's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded
pursuant to paragraph 9, petitioner, in her individual capacity, as personal representative on
behalf of the estate of John Olson, and on behalf of Mr. Olson's heirs, executors, administrators,
successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge
the United States and the Secretary of Health and Human Services from any and all actions or
causes of action (including agreements, judgments, claims, damages, loss of services, expenses
and all demands of whatever kind or nature) that have been brought, could have been brought, or
could be timely brought in the Court of Federal Claims, under the National Vaccine Injury
Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*, on account of, or in any way growing out
of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr.
Olson resulting from, or alleged to have resulted from the flu vaccine administered on October
27, 2017, as alleged in a petition filed on May 23, 2019, in the United States Court of Federal
Claims as petition No. 19-768V, and an amended petition filed on January 6, 2021.

14. If the special master fails to issue a decision in complete conformity with the terms of
this Stipulation, or if the United States Court of Federal Claims fails to enter judgment in
conformity with a decision that is in complete conformity with the terms of this Stipulation, then
the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and
damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except
as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the
parties hereto to make any payment or do any act or thing other than is herein expressly stated

4

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Olson's alleged neurologic injury, GBS, CIDP, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as personal representative on behalf of the estate of John Olson hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONER:**

ROBIN ROSELAND

**ATTORNEY OF RECORD FOR PETITIONER:**

ISAIAH KALINOWSKI
BOSSON LEGAL GROUP, P.C.
8300 Arlington Boulevard, Suite B2
Fairfax, VA 22031
(571) 771-3225
ikalinowski@bossonlaw.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes  Digitally signed by George R. Grimes -S14
-S14             Date: 2023.05.09 10:05:43 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

BENJAMIN P. WARDER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 532-5464
Benjamin.P.Warder@usdoj.gov

Dated: 05/25/2023

6