# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0768V
(not to be published)

| | |
|---|---|
| ROBIN ROSELAND, as Personal Representative of ESTATE OF JOHN OLSON,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 27, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On May 23, 2019, John Olson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Mr. Olson alleged that he developed Guillain-Barré syndrome as a result of an influenza vaccine that was administered on October 27, 2017. Petition, ECF No. 1. On

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

May 25, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 67.

Petitioner has now filed a motion, requesting an award of attorney's fees and costs as follows: $68,791.95 in attorney's fees and costs incurred by Petitioner and Petitioner's former counsel, Maglio Christopher & Toale Law); $4,335.55 in attorney's fees and costs incurred by Petitioner and Petitioner's former counsel, Knutson & Casey Law Firm; $1,505.27 incurred by Walbran & Furness for establishing Petitioner's estate; and $18,216.70 in attorney's fees and costs incurred by Petitioner and Petitioner's current attorney, Bosson Legal Group. Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Mar. 13, 2023, ECF No. 60. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 60-6.

Respondent reacted to the motion on Mar. 27, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 62. Petitioner filed a reply on Mar. 28, 2023, requesting an award of attorney's' fees and costs as specified in Petitioner's Motion. ECF No. 63.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $445 for 2023 work performed by attorney Isaiah Kalinowski, representing a rate increase of $15. Attachment to Motion at 78-79. I find this hourly rate to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred). Furthermore, Petitioner has provided supporting documentation for all claimed costs and Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$92,849.47**[3] as follows:

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

2

- **A lump sum of $68,791.95, representing reimbursement for fees and costs, in the form of a check jointly payable to Petitioner and Petitioner's former counsel, Maglio Christopher & Toale Law;**

- **A lump sum of $4,335.55, representing reimbursement for fees and costs in the form of a check jointly payable to Petitioner and Petitioner's former counsel, Knutson & Casey Law Firm;**

- **A lump sum of $1,505.27, representing reimbursement for fees and costs in the form of a check jointly payable to Petitioner and Petitioner's estate counsel, Walbran & Furness; and**

- **A lump sum of $18,216.70, representing reimbursement for fees and costs in the form of a check jointly payable to Petitioner and Petitioner's counsel of record, Bosson Legal Group**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                                 **s/Brian H. Corcoran**
                                                 Brian H. Corcoran
                                                 Chief Special Master

---

be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.